UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PRENTICE, et al.,<br><br>        Plaintiff(s),<br><br>   v.<br><br>FUND FOR PUBLIC INTEREST RESEARCH INC.,<br><br>        Defendant(s). | No. C06-7776 SC (BZ)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO COMPEL** |

    Before me is defendant's motion to compel production of information responsive to its first set of discovery requests dated July 26, 2007. The motion having been fully briefed, I see no need for a hearing. For the reasons discussed, defendant's motion is **GRANTED IN PART and DENIED IN PART.**

    Defendant seeks information relating essentially to all judicial or administrative proceedings to which each named plaintiff has been a party or witness to during the past ten years. Defendant seeks this information for impeachment purposes, see Fed. R. Evid. 609, and, in addition, argues that it may be probative of plaintiffs' fitness to represent the

1

proposed class. See Byes v. Telechek Recovery Services, Inc., 173 F.R.D. 421, 426-27 (E.D. La. 1997). Plaintiffs provided responsive information relating to civil actions between them and defendant, and responded that, within the past ten years, none of them were criminally convicted of any act involving dishonesty or a false statement, or otherwise related to the merits of this case. I conclude that felony convictions may constitute relevant and admissible evidence, and it is unclear from plaintiffs' response if any such convictions exist. Therefore, defendant's motion is **GRANTED** to the extent that plaintiffs shall provide all convictions of each named plaintiff for any felony and for any crime involving dishonesty or false statement within the past ten years. Fed. R. Evid. 609. Should there be no responsive documents, plaintiffs shall verify this in writing.

Defendant also seeks each named plaintiff's employment history for ten years prior to working for defendant, recent employment history and information related to job seeking. Defendant argues that this information is relevant to establish that the plaintiffs fell into the FLSA's outside sales exemption, excusing defendant's obligation to pay overtime wages to plaintiffs. See Jewel Tea Co. v. Williams, 119 F.2d 202 (10th Cir. 1941). Defendant, however, does not claim to have hired plaintiffs because of their prior sales ability. Id. at 208. Moreover, defendant's request is overbroad insofar as it seeks information regarding past terminations and resignations, and because no case law supports the proposition that employment after working for

2

defendant is relevant to the outside sales analysis. For these reasons, this portion of defendant's motion is **DENIED**.[1]

Dated: August 31, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PRENTICE\ORDER.DENYING.DEFENDANT'S.MOT.TO.COMPEL.wpd

---

[1] In its moving papers, defendant complained that plaintiffs failed to adequately respond to several additional requests. In its reply, however, defendant accepted plaintiffs' assertion that they did not withhold relevant information. I consider this dispute resolved.