UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PRENTICE, CHRISTIAN MILLER, and TIFFINEY PETHERBRIDGE, on their own behalf and on behalf of classes of those similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>FUND FOR PUBLIC INTEREST RESEARCH, INC.,<br><br>          Defendant. | No. C-06-7776 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION, <u>HOFFMAN-LA ROCHE</u> NOTICE, AND <u>EQUITABLE TOLLING</u> |

## I. <u>INTRODUCTION</u>

Plaintiffs Richard Prentice, Christian Miller, and Tiffiney Petherbridge ("Plaintiffs") move the Court to conditionally certify this suit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>; to authorize the mailing of a notice to prospective plaintiffs allowing them to opt-in to the collective action; and to toll the applicable statute of limitations.  <u>See</u> Motion, Docket No. 28.  Defendant Fund for Public Interest Research ("Defendant" or "the Fund") does not oppose conditional certification of the collective action, but does oppose the notice and consent forms proposed by Plaintiffs, and does oppose tolling the statute of limitations.  <u>See</u> Docket Nos. 49, 50.  For the reasons set forth herein, the Court GRANTS

IN PART and DENIES IN PART Plaintiffs' motion.

## II. BACKGROUND

Defendant is in the business of providing canvassing services to other organizations on a contract basis. See Compl., Docket No. 1, ¶ 4; Mullan Decl., Exs. A, C. Plaintiffs were employed by the Fund as Field Managers and Canvassers and were responsible for canvassing door to door or in public locations to solicit donations and collect signatures on behalf of third-party non-profit and advocacy organizations. See, e.g., Prentice Decl. ¶¶ 5, 8; Miller Decl. ¶¶ 5, 8; Petherbridge Decl. ¶¶ 5, 8-9. Plaintiffs allege that the Canvassers and Field Managers (together "Canvassing Staff") had the same responsibilities and were subject to the same purportedly unlawful policies, and may therefore be grouped as a single class. See, e.g., Prentice Decl. ¶¶ 4, 7; Miller Decl. ¶¶ 4, 7; Petherbridge Decl. ¶¶ 4, 7

Plaintiffs allege, on behalf of themselves and those similarly situated, that the Fund unlawfully classified them as exempt from overtime payment under federal law, that the Fund refused to pay them overtime wages for overtime worked, that the Fund refused to pay minimum wages, and that the Fund failed to keep certain employment records required by law. See Compl. ¶ 1.[1] By this action, Plaintiffs seek damages as well as injunctive and declaratory relief.

---

[1] Plaintiffs also allege violations of California and New York state law, the details of which are not directly relevant to the motion now before the Court.

2

### III. CONDITIONAL CERTIFICATION

#### A. Standard For Conditional Certification of Collective Action

Section 16(b) of the FLSA provides employees with a private right of action to sue an employer for violations of the Act "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To join an FLSA "collective action" as a plaintiff, an employee must affirmatively opt-in by filing a written "consent to join" in the court where the action is pending. See id.

A majority of courts, including district courts in this circuit, have adopted a two-stage certification procedure for collective actions brought under the FLSA. See, e.g., Adams v. Inter-Con Sec. Sys., Inc., No. 06-5428 MHP, 2007 U.S. Dist. LEXIS 26881, at *10-12 (N.D. Cal. Apr. 11, 2007); Beauperthuy v. 24 Hour Fitness USA, Inc., No. 06-715 SC, 2007 U.S. Dist. LEXIS 21315, at *18-19 (N.D. Cal. March 6, 2007); Gerlach v. Wells Fargo & Co., No. 05-585 CW, 2006 U.S. Dist. LEXIS 24823, at *3 (N.D. Cal. March 28, 2006); Wynn v. Nat'l Broad. Co., 234 F. Supp. 2d 1067, 1082-84 (C.D. Cal. 2002) (citing Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1106 (10th Cir. 2001)). At the first stage, the district court approves conditional certification upon a minimal showing that the members of the proposed class are "similarly situated"; at the second stage, usually initiated by a motion to decertify, the court engages in a more searching review. Beauperthuy, 2007 U.S. Dist. LEXIS 21315, at *19.

The FLSA does not define "similarly situated," and the Ninth

1  Circuit has not spoken to the issue.  The Supreme Court, in
2  <u>Hoffman-La Roche, Inc. v. Sperling</u>, 493 U.S. 165 (1989), also left
3  the term undefined, but indicated that a proper collective action
4  encourages judicial efficiency by addressing in a single
5  proceeding claims of multiple plaintiffs who share "common issues
6  of law and fact arising from the same alleged [prohibited]
7  activity."  <u>Id.</u> at 170.  This has been distilled by lower courts
8  into a requirement that a proponent for conditional certification
9  present the court with "nothing more than substantial allegations
10 that a putative class members were together the victims of a
11 single decision, policy, or plan."  <u>Thiesen</u>, 267 F.3d at 1102
12 (internal quotations omitted); <u>see also</u>, e.g., <u>Gerlach</u>, 2006 U.S.
13 Dist. LEXIS 24823 at *6-7.  Given that a motion for conditional
14 certification usually comes before much, if any, discovery, and is
15 made in anticipation of a later more searching review, a movant
16 bears a very light burden in substantiating its allegations at
17 this stage.  <u>See</u>, e.g., <u>Beauperthuy</u>, 2007 U.S. Dist. LEXIS 21315,
18 at *20.

19       **B.    Collective Action Is Appropriate**

20       Plaintiffs have met the burden for conditional certification
21 of the collective action.  First, Plaintiffs have shown that all
22 of the Canvassing Staff had the same primary job responsibilities.
23 <u>See</u>, e.g., Prentice Decl. ¶¶ 5, 8; Miller Decl. ¶¶ 5, 8;
24 Petherbridge Decl. ¶¶ 5, 8-9.  Additionally, Plaintiffs have shown
25 that all of the Canvassing Staff were subject to the same Fund
26 policies that the Plaintiffs challenge here -- specifically, the
27 Fund classified all Canvassing Staff as exempt from the FLSA
28

4

1 overtime requirements.  See, e.g., Prentice Decl. ¶¶ 4, 7; Miller
2 Decl. ¶¶ 4, 7; Petherbridge Decl. ¶¶ 4, 7.  Finally, the Fund does
3 not oppose conditional certification of the class of Canvassing
4 Staff employees.  See Docket No. 49.  The Court concludes that
5 certifying this action as a collective action under 29 U.S.C. §
6 216(b) will allow for more effective case management from this
7 point forward.  The Court therefore GRANTS Plaintiffs' motion for
8 conditional certification of the collective action.

### IV. EQUITABLE TOLLING

Plaintiffs ask the Court to toll the statute of limitations as of the date they filed the Complaint, December 19, 2006, through the deadline for opting into the collective action.  See Mot. at 15.  The Ninth Circuit has implied the doctrine of equitable tolling into the FLSA.  See Partlow v. Jewish Orphans Home of S. Cal., Inc. 645 F.2d 757, 760 (9th Cir. 1981) (abrogated on other grounds by Hoffman-La Roche, 493 U.S. 165).  "[E]quitable tolling concerns itself with the equities of dismissal for untimely filing caused by factors independent of the plaintiff.  Accordingly, we must ask whether it would be unfair or unjust to allow the statute of limitations to act as a bar to [a plaintiff's] claim."  Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1004 (9th Cir. 2006).  Thus, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."  Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).

Neither basis for equitable tolling is present here. Plaintiffs do not allege that extraordinary circumstances beyond their control prevented them from filing their claims sooner, so the focus must be on the Defendant's conduct. Plaintiffs assert that the Fund did two things which justify tolling.

First, Plaintiffs argue that the Defendant's allegedly incorrect classification of Canvassing Staff as exempt misled potential class members regarding the facts and the law governing overtime wages. See Mot. at 15. This argument lacks merit. Plaintiffs offer no evidence that they were misled, other than the exempt classification itself. None of the declarations supporting Plaintiffs' motion even suggests that the Canvassing Staff were misled or identifies a misleading statement that caused them to refrain from filing their claims sooner. See Prentice Decl.; Miller Decl.; Petherbridge Decl.; Oehler Decl.; Stein Decl.; Rose Decl.; Steely Decl; Wakefield Decl.; Schultz Decl.; Burghardt Decl. Absent other evidence, Plaintiffs' argument is simply that any incorrect classification of an hourly employee as exempt from overtime justifies tolling the FLSA statute of limitations. To grant equitable tolling in such circumstances would void the statute of limitations entirely, as any FLSA plaintiff would qualify. See also Veliz v. Cintas Corp., No. C 03-1180 SBA, 2007 U.S. Dist. LEXIS 24428, at *17 (N.D. Cal. March 20, 2007) (tolling the statute of limitations through the date for opting into the suit "effectively eviscerates the statutory limitations period in nearly all collective actions"). Had Congress wished to provide unlimited time for filing FLSA actions, the statute would not

6

contain a limitations period.  See, e.g., Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (discussing the legislative history of 29 U.S.C. §§ 216(b) and 256).

The second purportedly wrongful act by Defendant on which Plaintiffs rely is equally unavailing.  Plaintiffs claim the Defendant improperly withheld the names and contact information for potential class members.  See Mot. at 15; Reply, Docket No. 53, at 1.  Defendant maintains that it was not required to produce the contact information in response to an informal request, and that it would have risked violating California privacy laws if it had complied with Plaintiffs' request.  See Opp'n at 6.  The appellate courts have not provided guidance on this issue, and other district courts appear to be split.  Compare Adams, 2007 U.S. Dist. LEXIS 26881, at *40 (tolling statute of limitations where defendant had refused to turn over contact information), with Gerlach, 2006 U.S. Dist. LEXIS 24823, at *16-17 (holding that under the law of this Circuit, equitable tolling is not appropriate where defendants refuse to disclose contact information for potential plaintiffs).

The FLSA, however, does not require Defendants to provide contact information for potential plaintiffs until <u>after</u> the court certifies the collective action.  See Adams, 2007 U.S. Dist. LEXIS 26881, at *39 (citing Hoffman-Laroche, 493 U.S. at 170).  In Adams, Judge Patel held that, although the statute does not require defendants to disclose potential plaintiffs prior to certification, defendants gain an unfair advantage if they do not disclose, and equitable tolling is appropriate to mitigate that

7

advantage. See id. The Court respectfully disagrees with Judge Patel's approach. If refusal to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement. Neither outcome is appropriate. Where a defendant has committed no misconduct aimed at preventing potential plaintiffs from joining the suit, there is no reason to toll the statute of limitations.

Here, the Fund did nothing wrong and should not be penalized. Other than the Fund's refusal to disclose, Plaintiffs do not identify any other circumstance beyond their control which may have prevented other potential plaintiffs from filing suit. The Court therefore DENIES Plaintiffs' motion for equitable tolling of the FLSA statute of limitations.

## V.   FORM OF ORDER, NOTICE, AND CONSENT

In Hoffman-La Roche, the Supreme Court recognized the discretion of district courts to facilitate the process by which potential plaintiffs are notified of FLSA collective actions in which they may be members of the class. 493 U.S. at 169-70.[2] The parties here do not dispute whether notice pursuant to Hoffman-La Roche is appropriate, but they do dispute the form of such notice. Each party has submitted its own proposed Order, Notice, and

---

[2] Hoffman-La Roche addressed a collective action brought under the Age Discrimination in Employment Act, which, the Court recognized, incorporates § 16(b) of the FLSA. 493 U.S. at 170.

8

1 Consent to Join documents. <u>See</u> Proposed Order, Docket No. 37,
2 Exs. A, B; Opp'n, Exs. E, F.  The differences between the parties'
3 proposed forms focus on the time allotted for different stages of
4 the notice process as well as certain procedural issues.
5 Generally, each party wants more time to complete its own
6 obligations and less time for the other party to do the same.
7 Both parties are willing to adopt an Order, Notice, and Consent to
8 Join form like those the Court recently approved in <u>Beauperthuy</u>,
9 with modifications appropriate to the instant case.  <u>See</u> Opp'n at
10 9-10; Reply at 6-7.  The Court addresses each of the disputed
11 items below.

12 First, the parties disagree about how to define the group of
13 potential plaintiffs.  Plaintiffs would define the group of
14 "Covered Employees" as those who were employed in the Covered
15 Positions "at any time between the earliest date covered by the
16 first Fund for Public Interest Research, Inc. pay date falling
17 after December 19, 2003 through the date of the filing date of
18 this Order."  <u>See</u> Proposed Order ¶ 3.  Defendant would limit
19 potential plaintiffs to those who were employed in Covered
20 Positions "during the preceding three (3) years."  Opp'n at 7, Ex.
21 E ¶3.  Because the Court denied Plaintiffs' request for equitable
22 tolling, there is no basis for going as far back as December,
23 2003.  The Court therefore adopts Defendant's definition of
24 "Covered Employees."

25 Plaintiffs request an opt-in period of 120 days for all
26 potential plaintiffs to respond to the Notice and join the suit.
27 <u>See</u> Reply at 3-4.  Defendant proposes a 60 day limit.  Opp'n at 7-
28

9

8.  The parties both recognize that the group of potential plaintiffs is exceedingly large and geographically dispersed. Opp'n at 8; Reply at 6.  Plaintiffs further note that given the size of the class, multiple mailings may be necessary to reach all potential plaintiffs.  Defendant states, without support, that an opt-in period of 120 days is "simply too long" and is "excessive." Opp'n at 8, 9.  The Court disagrees.  In light of the fact that the Court rejected equitable tolling, Defendant faces no prejudice from a longer opt-in period, while all potential plaintiffs will still have an incentive to act promptly.  The Court therefore sets the opt-in period to 120 days.

Defendant seeks to increase from 10 days to 60 days the amount of time it has to collect and produce the contact information for all potential plaintiffs.  See Opp'n at 7. Plaintiffs are willing to extend this time, provided the Court tolls the statute of limitations.  Reply at 6.  As explained above, the Court will not toll the statute of limitations. However, the Court recognizes that the group of potential plaintiffs is large, and 10 days may not be sufficient.  Defendant should not need 60 days to collect and produce this information. Defendant likely began investigating who all of the possible plaintiffs were as soon as the suit was filed.  The Court therefore extends the time for Defendant to produce the contact information for all potential plaintiffs from 10 days to 30 days.

The parties also dispute whether the Notice should include the caption of the case.  The Court agrees with Defendant that the it should not.  Including the full caption may give a false

10

impression of judicial endorsement of Plaintiffs' position where none exists. See, e.g., Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1046-47 (N.D. Ill. 2003). That the Notice will include a statement of judicial neutrality would not, alone, be enough to cure this defect, as the caption would appear at the top of the Notice and give the wrong impression almost immediately. However, the Consent to Join form may include the full caption, as the Consent to Join used in Beauperthuy did.

Defendant also requests that the notice incorporate language informing potential plaintiffs that if they join the collective action, they may be required to answer questions in writing or in deposition, or to give testimony at trial. Opp'n at 10. Such language is unnecessary and inappropriate. As Plaintiffs note, individualized discovery is rarely appropriate in FLSA collective actions. Reply at 7-8; see also McGrath v. City of Philadelphia, Civ. No. 92-4750, 1994 U.S. Dist LEXIS 1495, at *8 (E.D. Pa. Feb. 14, 1994) ("Although the present case is not a Rule 23 class action, principles of discovery developed in Rule 23 cases apply to this § 216 'class action' by analogy. It is well established that individualized discovery . . . is inappropriate in a class action lawsuit." (citations omitted)). Including a warning about possible discovery when that discovery is unlikely will serve no purpose other than deterring potential plaintiffs from joining the suit based on unfounded concerns about the hassle of discovery.

Defendant also requests that the Notice be sent and the Consent to Join forms be processed by a third party administrator. The Court agrees that using a third party is the best way to

11

ensure the neutrality and integrity of the opt-in process.  The Court does not agree, however, with Defendant's assertion that Plaintiffs' counsel should be prohibited from communicating with potential plaintiffs.  See Opp'n at 8-9.  Restricting communication between counsel and clients, or potential clients, is an extraordinary measure, and would require a much stronger showing of misconduct or impropriety than Defendant's mere assertion that statements on Plaintiffs' counsel's website are "dubious."  See, e.g., Flores, 289 F. Supp. 2d at 1047 ("An order seeking to bar or limit communications between a party and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.").

Finally, the parties disagree about whether the Consent to Join form should include a waiver of any conflict which may arise from Plaintiffs' attorneys' representation of multiple collective action members.  See Opp'n at 10; Reply at 9.  Defendant asserts that many potential plaintiffs would not even understand what they are being asked to waive.  Defendant provides no authority for its assertions about the legality and propriety of such a waiver, however.  The Court will leave this issue to the parties to resolve by meeting and conferring.

**VI.  CONCLUSION**

For the reasons set forth above, the Court finds that this action is appropriate for certification as a FLSA collective

12

action under 29 U.S.C. § 216(b). The Court further finds that equitable tolling of the statute of limitations in this suit is not appropriate. The Court therefore GRANTS IN PART and DENIES IN PART Plaintiffs' Motion, and ORDERS as follows:

1. This action is certified as a collective action pursuant to 29 U.S.C. § 216(b). Covered Employees include all past, present, and future employees of the Fund for Public Interest Research, Inc., who have been employed as Canvassers or Field Managers during the preceding three (3) years.
2. The parties shall meet and confer to resolve any remaining disputes regarding who qualifies as a potential plaintiff or regarding the form of the Opt-In Order, Notice, and Consent to Join. The parties shall submit no later than ten (10) days from the date of this Order a Joint Proposed Opt-In Order, a Joint Proposed Notice, and a Joint Proposed Consent to Join form, all modeled after those issued by this Court in <u>Beauperthuy</u>.
3. In addition to filing the Proposed Order, Notice, and Consent to Join through the normal electronic filing procedures, the parties shall submit all three documents in WordPerfect format to the Court's proposed order email account, scPO@cand.uscourts.gov.
4. To the extent that the parties cannot reach an agreement on an issue, each party may submit a brief of no more than five (5) pages addressing the outstanding issues at

13

the time the parties submit the Joint Proposed Order.

IT IS SO ORDERED.

Dated: September 18, 2007

                                      UNITED STATES DISTRICT JUDGE

14