LAW OFFICES OF
RUDY, EXELROD & ZIEFF, LLP.
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD PRENTICE, CHRISTIAN MILLER, and TIFFINEY PETHERBRIDGE, on their own behalf and on behalf of classes of those similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FUND FOR PUBLIC INTEREST RESEARCH, INC.,<br><br>　　　　　Defendants.<br>_____/ | Case No.  C-06-7776 SC<br><br><br><br>**JOINT [~~PROPOSED~~] OPT-IN ORDER** |

Plaintiffs Richard Prentice, Christian Miller, and Tiffiney Petherbridge, on their own behalf and on behalf of those similarly situated, filed a Motion for Conditional Collective Action Certification, *Hoffmann-La Roche* Notice, and Equitable Tolling.  Defendant Fund for Public Interest Research, Inc. did not oppose Plaintiffs' request for conditional collective action certification but did oppose Plaintiffs' request for equitable tolling and certain aspects of Plaintiffs' Proposed Notice and Consent to Join forms.

After consideration of the papers and pleadings, pursuant to this Court's Order on September 18, 2007 Granting in Part, and Denying in Part Plaintiffs' Motion for Conditional Collective Action Certification, *Hoffmann-La Roche* Notice, and Equitable Tolling.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiffs' claims for violations of the Fair Labor Standards Act, and any defenses thereto, are conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

2. For purposes of this Order, the term "Covered Positions" shall mean all job positions at Fund for Public Interest Research, Inc., that have been titled or classified as "Canvasser" or "Field Manager."

3. For purposes of this Order, the term "Covered Employees" shall mean all past, present and future employees who have been employed in a Covered Position at any time during the three (3) years preceding the date of the Notice described in Paragraph 5, *infra*.

4. No later than thirty (30) days after the entry of this Order, Defendant Fund for Public Interest Research, Inc. shall produce to Plaintiffs' counsel and Garden City Group (Notice Administrator) the names, last-known addresses and telephone numbers if known of all Covered Employees.

5. Defendant shall provide this information electronically in a generally recognized format or such other electronic format upon which Plaintiffs' and Defendant's counsel may agree. Plaintiff's counsel shall not copy the list or any of the names and addresses on the list and shall maintain the confidentiality of the names and addresses. Plaintiffs' counsel shall return the list of names and addresses to Defendant on or before ten (10) days after the expiration of the opt-in period. Plaintiffs' counsel shall use the name and address data only for the following purposes: to confirm with the Notice Administrator and Defendant's counsel that the Notice Administrator sends notices to the individuals on the list; and to send a copy of the FLSA Notice to prospective class members upon their request.

6. As soon as practicable after receiving the mailing list, but no later than thirty (30) days, the Notice Administrator shall mail to all Covered Employees the

Notice of pendency of conditionally-certified class action in the form attached hereto as Exhibit A and a "Consent to Join" in the form also attached hereto as Exhibit B, with specific dates and mailing address information as indicated in these exhibits. These documents are collectively referred to as the "Notice."

7. Covered Employees shall have one hundred and twenty (120) days after the date the Notice is mailed to mail, fax, or hand-deliver a completed Consent to Join form to the Notice Administrator. Covered Employees who timely mail a completed Consent to Join form shall be deemed to have joined the conditionally certified collective action within the meaning of 29 U.S.C. § 216(b), when the Notice Administrator files their Consent to Join forms with this Court. Timeliness is to be determined by the postmark date in the event of mailing, the date of delivery in the event of hand delivery, the successful transmission date in the event of faxing, or the date of delivery in the event of any other means of delivery (e.g., overnight or other expedited delivery), or if a postmark is not legible.

8. Covered Employees whose Consents to Join are untimely shall be deemed not to have joined the action within the mean of 29 U.S.C. § 216(b), absent an agreement by the parties, or absent an order of this Court on good cause shown. Covered Employees who timely return Consents to Join that have not been properly completed shall be given ten (10) days from the date of mailing notice to the employee of a defect in the Consent form to return a properly completed Consent to Join, and shall be deemed to have joined the action upon their return of a properly completed Consent to Join form provided that the Notice Administrator timely files the Consent to Join forms with this Court.

9. The Notice Administration shall keep a log showing the name and date of receipt of any Consent to Join forms. The Notice Administration shall notify counsel for Plaintiffs and counsel for Defendant each week of the names of all employees who returned properly completed Consent to Join forms and shall

each week file the Consent to Join forms received with the Court. The Notice Administration shall retain a copy of each Consent to Join form received and the envelope in which the Consent form arrived.

10. Defendant's and Plaintiffs' counsel shall be notified of any Notices that are returned by the Post Office to the Notice Administration. Defendant shall within ten (10) days of the date of notification provide to the Notice Administrator the Social Security number for any employee whose Notice has been returned. The Notice Administration shall then utilize skip tracing methods to determine the new address for the employee and again send that employee a Notice.

11. The Notice Administrator shall file all Consent to Join forms with this Court. Except for good cause shown, the deadline for the Notice Administration to file Consent to Join forms with this Court shall be the date that is not later than ten (10) days after the close of the opt-in period. .

12. The Notice Administrator shall not disclose to Plaintiffs or Plaintiffs' counsel the Social Security numbers of employees. The Social Security numbers shall be maintained by the Notice Administration in a password-protected file which shall be destroyed of returned to Defendant's counsel together with all copies, following the close of the Notice period.

13. The costs incurred by the Notice Administrator associated with the sending of the Notices, including fees of the Notice Administrator and all other associated expenses shall be borne by Plaintiffs.

14. This Order is without prejudice to Plaintiffs' right to request that notice of the pendency of this action, and an opportunity to opt in, be provided at a later date to individuals who become employed in Covered Positions after ten days after the filing date of this Order.

15. In the event of any disagreement as to the interpretation of this Order or any matters not covered by this Order, the parties shall meet and confer. If no

agreement can be reached, the parties shall simultaneously file a statement with the Court setting forth the issue and the position of the party.

**It is so ORDERED**.

October 3, 2007   
HONORABLE SAMUEL CONTI
JUDGE OF THE UNITED STATES DISTRICT COURT