David A. Lowe (State Bar #178811)
John T. Mullan (State Bar # 221149)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: dal@rezlaw.com
Email: jtm@rezlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD PRENTICE, CHRISTIAN MILLER, and TIFFINEY PETHERBRIDGE, on their own behalf and on behalf of classes of those similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>FUND FOR PUBLIC INTEREST RESEARCH, INC.,<br><br>        Defendant.<br>_____/ | Case No. C-06-7776 SC<br><br>**[PROPOSED]** ORDER: (1) FINALLY APPROVING CLASS ACTION SETTLEMENT AND PLAN OF DISTRIBUTION; (2) ENTERING FINAL JUDGMENT; (3) APPROVING SERVICE PAYMENT TO NAMED PLAINTIFFS; (4) APPROVING THE PAYMENT OF REASONABLE COSTS OF ADMINISTRATION; AND (5) RESERVING JURISDICTION |

1  This matter came on for hearing on May 15, 2009, upon the motion of Plaintiffs Richard
2  Prentice, Christian Miller and Tiffiney Petherbridge and the Class they represent (hereinafter
3  collectively "Plaintiffs") and not opposed by Defendant The Fund for Public Interest Research,
4  Inc. ("Fund") for final approval of the proposed settlement of this action on the terms set forth in
5  the Joint Stipulation of Settlement and Release (the "Agreement") attached hereto as Exhibit 1.
6  Due and adequate notice having been given to the members of the settlement Class, and the Court
7  having considered the Agreement, all papers and proceedings held herein, and all oral and written
8  comments received regarding the proposed Settlement, and having reviewed the entire record in
9  this action ("the Action"), and good cause appearing, the Court, finds that:

10  WHEREAS, Plaintiffs have alleged claims against Defendant Fund on behalf of
11  themselves, the FLSA Collective Action Class members, and all individuals who worked for
12  Fund and who held the title Canvasser or Field Manager in California at any time from December
13  19, 2002 to May 7, 2007, or who worked for Fund and who held the title Canvasser or Field
14  Manager in New York at any time from December 19, 2000 to May 7, 2007;

15  WHEREAS, Plaintiffs asserts claims for 1) FLSA Overtime and Minimum Wage
16  Violations; and, as to present and former California Canvassers and Field Managers, (2)
17  Violations of California Overtime and Minimum Wage Provisions; (3) California Waiting Period
18  Penalties; (4) Violations of California Record-Keeping Provisions; (5) Violations of California
19  Meal and Rest Period Provisions; (6) Violations of the California Unfair Competition Law; (7)
20  Conversion; and, as to present and former New York Canvassers and Field Managers, (8)
21  Violations of New York Overtime Provisions, and (9) Violations of New York "Spread of Hour"
22  Provisions;

23  WHEREAS, the Court previously conditionally certified a Fair Labor Standards Act
24  ("FLSA") collective action, and approximately 770 individuals opted into that claim prior to the
25  close of the opt-in period;

26  WHEREAS, approximately 220 of the individuals who opted into the previously
27  conditionally certified FLSA Collective Action worked only after May 7, 2007; the date on
28  which Fund began paying its canvassing staff for overtime and for observation days (the FLSA

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL

CASE NO.  C-06-7776 SC

Collective Action Class is defined in Paragraph 1 of the Joint Stipulation of Settlement and Release attached hereto as Exhibit 1), and, accordingly, this Court previously found such 220 individuals are not similarly situated to the balance of the Collective Action members – that is, those who filed consents to join and who worked for Fund prior to May 7, 2007 – and are therefore not part of this Action;

WHEREAS, Fund expressly denies the allegations of wrongdoing and violations of law alleged in this Action; claims that it always properly classified and compensated its employees; and further denies any liability whatsoever to Plaintiffs or to the Class Members;

WHEREAS, without admitting any liability, claim or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business disruption of ongoing litigation;

WHEREAS, this Court granted preliminary approval of the parties' Agreement in this Action on February 4, 2009 ("Preliminary Approval Order"); and

WHEREAS, notice to the Class members was sent in accordance with the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed Settlement having been duly held and a decision reached;

NOW, therefore, the Court grants final approval of the Settlement, and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. To the extent defined in the Stipulation of Settlement and Release (the "Agreement"), attached hereto as Exhibit 1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this action, the Defendant Fund, and the Class.

3. The Court has determined that the notice given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed Settlement, including the plan of allocation of the Settlement Payment and the application for service awards to the Named Plaintiffs and the application for an attorneys' fees award to Class Counsel, constituted

1 the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act ("FLSA"), the United States Constitution, and any other applicable laws.

    4.    The Court hereby grants final approval of the Settlement and Agreement as fair, reasonable and adequate in all respects to the Class members pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA, and orders the parties to consummate the Settlement in accordance with the terms of the Agreement.

    5.    The plan of distribution as set forth in the Agreement providing for the distribution of the Net Settlement Fund to Class members is approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA.

    6.    Three subclasses have been formed for settlement purposes only as follows:

    A.    Sub-class A is the FLSA Collective Action class members who filed consents to join the Litigation and who worked for Fund as a Canvasser or Field Manager in any state other than California or New York during the FLSA Class Period (*i.e.*, three years back from the date of each person's consent to join the Litigation through May 7, 2007); and

    B.    Sub-class B is the "California Class" comprised of anyone identified in Fund's payroll records as having worked for Fund in California as a Canvasser or Field Manager during the California Class Period (*i.e.*, December 19, 2002 through May 7, 2007), who is sent notice of the Litigation and who does not opt-out; and

    C.    Sub-class C is the "New York Class" comprised of anyone identified in Fund's payroll records as having worked for Fund in New York as a Canvasser or Field Manager during the New York Class Period (*i.e.*, December 19, 2000 through May 7, 2007), who is sent notice of the Litigation and who does not opt-out.

Together, the three subclasses comprise the "Class."

7. The California and New York classes are sufficiently numerous that joinder is not practicable. The California and New York Classes each have thousands of putative members.

8. There are questions of law and fact common to the members of the California and New York Classes. The questions of law and fact common to the members of the California and New York include:

- Whether Fund's policy and practice of classifying the Class Members as exempt from overtime entitlement and failing to pay overtime to the Class Members violates applicable California and/or New York law, including applicable statutory and regulatory authority;

- Whether Fund unlawfully failed to pay compensation to Class members for missed meal and rest periods in violation of the UCL and applicable California wage and hour laws; and

- Whether Fund unlawfully failed to keep and furnish employees with records of hours worked, in violation of applicable law.

As the Plaintiffs need only establish one common question of law or fact in order to meet the low threshold set by Rule 23(a)(2), Plaintiffs' above showing of common issues satisfies what is required.

9. The named Plaintiffs' claims are typical of those of the Classes that they seek to represent. Plaintiffs Prentice, Miller and Petherbridge's California claims are typical of those of the California Class, and Plaintiff Miller's New York claims are typical of those of the New York Class because they all arise out of Fund's uniform policy of classifying Canvassers and Field Managers as exempt, and of refusing to pay Canvassers and Field Managers overtime compensation for overtime hours worked.

10. Richard Prentice, Christian Miller and Tiffiney Petherbridge, as Class Representatives, have fairly and adequately protected the interests of the Class by retaining Class Counsel who are skilled in actions of this type and as evidenced by the negotiation of the Agreement.

11. The Court approves the payment of reasonable settlement administration costs to the Settlement Administrator, The Garden City Group, Inc., in an amount up to $119,370.

12. The Court approves awards to Named Plaintiffs Richard Prentice, Christian Miller and Tiffiney Petherbridge, on account of their service to the Class, in the amount of $10,000 each, which shall be paid from, and not in addition to, the Settlement Payment.

13. The Court hereby dismisses this Action with prejudice, with each party to bear his, her or its own costs and attorneys' fees, except as provided in the Agreement and as set forth above in this Final Judgment and Order. Without affecting the finality of this Final Judgment and Order, the Court reserves exclusive and continuing jurisdiction over the Action, the Named Plaintiffs Richard Prentice, Christian Miller and Tiffiney Petherbridge, the Class, and the Defendant Fund for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, the distribution of the Settlement Payment, the Final Judgment, and this Order; and (b) hearing and determining the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings shall take place concurrently with the hearing for this Final Judgment and Order.

14. Upon entry of this Final Judgment and Order, and by operation of this Final Judgment and Order, the claims of each Class member against Fund, and against any and all of the Releasees as defined in the Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Agreement.

15. By operation of this Final Judgment and Order, all members of the Class are hereby forever barred and enjoined from prosecuting the released claims against any of the Releasees as defined in the Agreement.

16. Each member of the Class is bound by this Final Judgment and Order, including, without limitation, the release of claims as set forth in the Agreement.

17. This Final Judgment and Order and the Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Fund of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

18. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Final Judgment and Order shall be rendered null and void to

the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement, and each party shall retain his, her or its rights to move for or oppose certification of the California and/or New York Class and/or to move for or oppose de-certification of the FLSA Collective Action Class.

19. The Court finds that there is no just reason for delay of entry of this Final Judgment and hereby directs its entry.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: May 15, 2009



_____
Honorable
United States Judge Samuel Conti